Opinion filed February 8, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed February 8, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00255-CR 

                                                     __________

 

                             JOHN
STEPHEN CASTANEDA, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 416th District Court 

                                                          Collin County,
Texas

                                             Trial
Court Cause No. 416-80013-04

 



 

                                                                    O
P I N I O N

 

John Stephen Castaneda appeals his conviction by a
jury of the offense of murder.  The trial
court assessed his punishment at life in the Texas Department of Corrections,
Institutional Division.  Castaneda
contends in three points on appeal that the evidence is legally and factually
insufficient to support his conviction and that the trial court erred in
denying his request that an instruction regarding criminally negligent homicide
be included in the court=s
charge to the jury.  We affirm.








Castaneda urges in points two and three that the
evidence is legally and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, the appellate court reviews all of the evidence in the
light most favorable to the verdict and determines whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000).  To determine if the evidence is factually sufficient,
the appellate court reviews all of the evidence in a neutral light. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006), (overruling in
part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson
v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State,
958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court
determines whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

Investigators found the body of the deceased,
Patricia Ann Himelright, early on the morning of November 23, 2003, after
Castaneda called 911 to report that he had just come home and discovered her
body.  Castaneda told the operator that Aher brains were blown out.@ 
The operator made reference in her dispatch that a shooting had been
reported.  

Castaneda initially denied any involvement in the
victim=s
death.  In his statement to Deputy Robert
Yeager of the Collin County Sheriff=s
Office, Castaneda, who acknowledged that he lived with the victim, said that he
had consumed a six-pack of beer prior to leaving the house at 5:00 p.m. to
visit a friend.  He said that he found
the victim lying on the floor inside the back door when he returned about 2:00
a.m.  Later, during an interview with the
Collin County Sheriff=s
Department, Castaneda repeatedly denied any involvement in shooting the victim,
saying that she was alive and eating chicken when he left, that there was no
physical fight between them, and that he had not known about or seen any
pistol.  After being confronted with the
fact that his friend denied his alibi, Castaneda acknowledged that he had not
visited the friend but that he had gone to get the victim some crank.  He told the officer that the victim wanted to
try some for the first time.  Castaneda
eventually acknowledged his involvement in the shooting, stating that, after
the victim had threatened to kill him, he was defending himself by grabbing the
victim=s hands
that were holding the gun to get it away from her when the gun went off.  He said that after the shooting he had gone
riding around and had thrown the gun in the lake.








Although Castaneda referred to a shooting in his
call to the 911 operator and although the operator referred to a shooting in
her dispatch, initial investigators, including a field agent from the Collin
County Medical Examiner=s
Office, did not notice that the victim had been shot.  The entrance wound of the bullet was
difficult to see.  Dr. William Rohr, the
medical examiner for Collin County, discovered that the victim=s death might not be a natural death
when he found gunshot residue on her left hand. 
Dr. Patrick Vesant-Matthews, formerly the number two medical examiner
for Dallas County, expressed his opinion that the gun was approximately
one-half inch from the victim=s
skin when it was fired. 

The victim=s
larynx had been previously removed because of throat cancer.  When she was found, she was lying on the
floor with blood pooled beneath her head. 
Her voice amplifier, which she used because of the throat cancer, was in
her left hand.  She had two blunt force
trauma wounds on the top of her head. 
The medical examiner found that the victim was intoxicated at the time
of her death and that she had taken Zoloft, an antidepressant.

Elizabeth Hortman testified that on the night in
question Castaneda and the victim were arguing over a lost checkbook.  She indicated that the victim, who was
drinking, took a gun out of a filing cabinet and placed it on the kitchen
counter.  A former spouse of the victim
testified that the victim was familiar with firearms and that she had shot at
him.  He insisted that she had threatened
him with a gun approximately five times during their thirty-year marriage.  He related that the victim claimed to be ambidextrous
but was not.  He said that the victim
always both shot and used her voice amplifier with her left hand.  The State presented evidence showing several
instances of violence that Castaneda had committed against a former fiancée,
his ex-wife, and the victim.

Considering the evidence in accordance with the
standard of review, we conclude that a rational trier of fact could have found
beyond a reasonable doubt that Castaneda murdered the victim, that the evidence
is not so weak that the jury=s
verdict is clearly wrong and manifestly unjust, and that the jury=s verdict is not against the great
weight and preponderance of the evidence. 
We therefore conclude that the evidence is legally and factually
sufficient to support the conviction.         Castaneda contends that the evidence is
legally insufficient because a rational juror could not have concluded from the
evidence that he intentionally and knowingly killed the victim because of his
statement to police that it happened during a struggle over the gun that she
had displayed, gunpowder residue on her left hand, her intoxication, and her
history of threatening with guns and shooting at her former spouse.  








He acknowledges that there were two contusions on
the victim=s head
and that there was evidence of his violent nature but dismisses the evidence as
inflammatory.  In his discussion of this
point, he fails to mention the evidence that he fled the scene, lied about his
involvement, and disposed of the weapon used to shoot the victim.  Flight is evidence of a circumstance from
which an inference of guilt may be drawn. 
Colella v. State, 915 S.W.2d 834, 839 n.7 (Tex. Crim. App.
1995).  We are of the opinion that
Castaneda=s lying
to law enforcement officers regarding his presence at the time of the shooting,
as well as his disposal of the weapon, would also support an inference of
guilt.  Also, as previously noted, there
was evidence that the victim, who was left- handed, was holding her voice
amplifier in her left hand at the time of the shooting but that she always shot
a gun with her left hand.  

Relying on Zuniga, 144 S.W.3d at 484-85,
Castaneda contends that, while there might be evidence to support either his
theory or that of the State, the evidence supporting his theory is strong
enough that the beyond-a-reasonable-doubt standard could not have been met.  If that was the correct standard, we would
hold that the evidence is factually sufficient because we disagree that his
evidence, when considered with the other evidence in the case, is so strong
that the beyond-a-reasonable-doubt standard could not have been met.  We note, however, that the Texas Court of
Criminal Appeals recently overruled Zuniga in part, eliminating the Abeyond-a-reasonable-doubt standard@ as set forth in that case.[1]  See Watson, 204 S.W.3d at 415.  We overrule points two and three.  

Castaneda urges in point one that the trial court
erred by refusing to submit his request that an instruction relating to the
offense of criminally negligent homicide be submitted to the jury.  A person commits an offense if he causes the
death of another by criminal negligence. 
Tex. Pen. Code Ann. ' 19.05 (Vernon 2003).  A person acts with criminal negligence, or is
criminally negligent, with respect to circumstances surrounding his conduct or
the result of his conduct when he ought to be aware of a substantial and
unjustifiable risk that exists or will occur. 
Tex. Pen. Code
Ann. ' 6.03(d)
(Vernon 2003).  The risk must be of such
a nature and degree that the failure to perceive it constitutes a gross
deviation from the standard of care that an ordinary person would exercise
under all the circumstances as viewed from the actor=s
standpoint.  Id.  








A defendant is entitled to a charge on a lesser
included offense if the lesser included offense is included in the proof
necessary to establish the offense charged and if there is some evidence in the
record that, if the defendant is guilty, he or she is guilty only of the lesser
offense.  Thomas v. State, 699
S.W.2d 845, 847 (Tex. Crim. App. 1985). 
Criminally negligent homicide is a lesser included offense of
murder.  Id.  The charge of criminally negligent homicide
is required in a particular case if the record contains evidence showing that
the defendant was unaware of the risk or that he or she failed to perceive the
risk created by his or her conduct.  Id.
at 850-51.  We therefore consider whether
there is any evidence from which a rational jury could conclude that, if
Castaneda is guilty, he is guilty only of criminally negligent homicide.  There is no evidence that Castaneda lacked
awareness of the risk that he or the victim could be killed by the gun used in
the commission of the offense.  To the
contrary, in his later statements to the police, Castaneda asserted that he was
struggling to defend himself after the victim had threatened him with the
gun.  Inasmuch as there is no evidence
showing that Castaneda might only be guilty of criminally negligent homicide,
the trial court did not err by failing to submit the instruction
requested.  

Castaneda relies on our opinion in the case of Levan
v. State, 93 S.W.3d 581 (Tex. App.C
Eastland 2002, pet. ref=d).  We find that case to be distinguishable.  In Levan, the court found that the
trial court erred by refusing a charge on criminally negligent homicide,
holding that the defendant=s
testimony that the gun discharged accidentally coupled with evidence of the
defendant=s belief
that the gun was unloaded raised an inference that the defendant did not
perceive a risk of injury or death.  Id.
at 585.  In the case at bar, Castaneda
refers us to no evidence raising an inference that he did not perceive the risk
of injury or death.  We overrule point
one.

The judgment is affirmed.        

 

PER CURIAM

 

February 8, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  McCall, J.,

Strange,
J., and Hill, J.[2]











[1]We note that Castaneda did not have the benefit of the Watson
case when he was preparing his brief.





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.